CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 22 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No. 7:11CR00046 |
| | Civil Action No. 7:12CV80539 |
| v. | |
| | **MEMORANDUM OPINION** |
| KENNY BARRIOS FUENTES, | |
| | By: Hon. Glen E. Conrad |
| Defendant. | Chief United States District Judge |

Kenny Barrios Fuentes, a federal inmate proceeding pro se, has moved to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. The motion asserts claims of ineffective assistance, including a claim that his attorney was ineffective in failing to file a notice of appeal after Fuentes expressly requested him to do so. The case is presently before the court on the government's motion to dismiss. For the reasons that follow, the motion will be taken under advisement, and the matter will be referred to a magistrate judge for an evidentiary hearing on Fuentes's claim that his attorney was ineffective in failing to file a notice of appeal.

In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue." United States v. Blondeau, 480 F. App'x 241, 242 (4th Cir. 2012) (citing United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000)).

1

In this case, Fuentes has submitted a sworn affidavit stating that he expressly requested his attorney to file an appeal after sentencing, and that his attorney advised him that a notice of appeal would be timely filed. Fuentes's claim that his attorney failed to file a notice of appeal after being requested to do so, if believed, states a colorable Sixth Amendment claim. It is well established that the failure to note an appeal upon timely request constitutes ineffective assistance of counsel. Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000); see also United States v. Peak, 992 F.2d 39, 41-42 (4th Cir. 1993). This is true regardless of the likelihood of success on the merits, Peak, 992 F.2d at 42, and even if the defendant waived his right to appeal, United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007).

Because the resolution of this claim turns on the credibility of Fuentes's account of his interactions with his attorney, an evidentiary hearing is required. Accordingly, the case will be referred to the Honorable Robert S. Ballou, United States Magistrate Judge for the Western District of Virginia, for an evidentiary hearing on the defendant's claim that counsel was ineffective in failing to file a notice of appeal. Pursuant to Rule 8(c) of the Rules Governing § 2255 Proceedings, the magistrate judge shall appoint counsel to represent Fuentes. Following the evidentiary hearing, the magistrate judge shall submit a report setting forth appropriate findings of fact, conclusions of law, and a recommended disposition of all of the defendant's claims, pursuant to 28 U.S.C. § 636(b)(1)(B).

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to the defendant, counsel of record for the government, and Judge Ballou.

ENTER: This 22d day of May, 2013.

_____
Chief United States District Judge